UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SUSANNE BRYANT,<br><br>  Plaintiff(s),<br><br>  v.<br><br>STANDARD INSURANCE COMPANY,<br><br>  Defendant(s). | Case No. 2:15-CV-199 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Susan Bryant's motion for summary judgment. (ECF No. 17). Defendant Standard Insurance Company filed a response (ECF No. 20), and plaintiff filed a reply. (ECF No. 21).

**I.  Background**

Plaintiff was hired as a paralegal at Durham Jones & Pinegar, PC. (ECF No. 17). By virtue of her employment, she participated in the Durham Jones & Pinegar, PC Group Long Term Disability Insurance Plan ("LTD plan"). (ECF No. 17). Under the LTD plan, defendant fully insures and handles functions of the subject plan, including making the final decision on whether to accept or deny long-term disability claims. (ECF No. 17). On February 28, 2013, plaintiff submitted her application for long-term disability. (ECF No. 17).

Since 2001, plaintiff has suffered from varying degrees of lower back pain. (ECF No. 17). On September 27, 2007, plaintiff's MRI showed a "posterior disc bulge and posterior facet joint anthropathy at L3-4, L4-5, and L5-S1 levels; posterior annular tears and disk protrusions at L4-5 and L5-S1; and moderate left sided neural forminal narrowing at L4-5 with moderated to severe right-sided neural foraminal narrowing at L5-S1." (ECF No. 17).  On December 13, 2007, she reported to her doctor, Michael J. McKenna, MD, symptoms of stabbing, intermittent lower back

**James C. Mahan**
**U.S. District Judge**

pain; paresthesias into her right lower leg; and pain in her right buttock and right posterior thigh. As a result, plaintiff was diagnosed with lumbar disc pathology at three levels and prescribed pain medication.

Over the next five years, plaintiff managed her lower back pain and continued to work as a paralegal. However, from 2008–2012 her symptoms allegedly worsened. On February 14, 2013, plaintiff consulted with Thomas Dunn, MD of Desert Orthopedic Center. Dr. Dunn performed a physical examination, reviewed her MRI, and diagnosed plaintiff with spinal stenosis, arthritis of the lumbosacral spine, sciatica, and herniated lumbar disc. (ECF No. 20). In addition, Dr. Dunn recommended that plaintiff stop working immediately. Plaintiff began to reduce her work hours and occasionally worked from home. However, it was not until May 24, 2013, that she ceased to work entirely. (ECF No. 20).

As part of the investigation of plaintiff's LTD claim, defendant submitted plaintiff's medical records to Dr. Mark Shih for an independent medical review ("IMR"). After reviewing the relevant medical records, Dr. Shih concluded that plaintiff would be able to perform "light-level" tasks including the work that she was previously capable of performing. (ECF No. 17 at 8). Based on plaintiff's records and Dr. Shih's opinion, defendant denied the claim and advised plaintiff that she had 180 days to appeal the decision.

Plaintiff appealed the decision and submitted new information regarding her disability based on her March 6, 2014, Functional Capacity Evaluation ("FCE"). The FCE findings stated that plaintiff is able to work part-time, for at least four hours per day. In addition, the FCE report indicated that plaintiff's subjective reported pain scores were significantly higher than what the FCE considers normal under the circumstances, and therefore, there is a possibility that plaintiff is magnifying her symptoms. (ECF No. 20).

In light of her appeal, defendant submitted all of plaintiff's medical records, including the latest reports, to Dr. John Hart for another IMR. Dr. Hart confirmed that plaintiff is capable of performing light-level work and provided his medical opinion that the 2007 MRI was not consistent with the diagnosis for spinal stenosis. (ECF No. 20). He stated that the MRI displayed findings consistent with someone of plaintiff's age. Based on these findings, defendant upheld its

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  decision to deny plaintiff's LTD claim. However, defendant notified plaintiff that it would allow
2  her to submit additional information for further review, specifically requesting additional MRIs or
3  any additional diagnostic testing. (ECF No. 20 at 11).

4  Plaintiff obtained an additional MRI on July 18, 2014, and submitted it to defendant (ECF
5  No. 17). Defendant sent the new MRI to Dr. Hart for review. Dr. Hart concluded the MRI
6  essentially displayed the same results as the 2007 MRI. Therefore, defendant upheld its denial of
7  plaintiff's claim.

8  **II.     Legal Standard**

9  " [I]n an ERISA benefits denial case, a motion for summary judgment is, in most respects,
10 merely the conduit to bring the legal question before the district court and the usual tests of
11 summary judgment, such as whether a genuine dispute of material fact exists, do not apply."
12 *Stephan v. Unum Life Ins. Co. of America*, 697 F.3d 917, 929-930 (9th Cir. 2012) (internal
13 quotation marks omitted).

14 In cases arising under ERISA, the district court sits as an appellate court, reviewing the
15 administrative agency's decisions. "[W]hen the plan gives the administrator or fiduciary discretion
16 authority to determine eligibility for benefits, that determination is reviewed for abuse of
17 discretion." *Gatti v. Reliance Standard Life Ins. Co*., 415 F.3d 978, 981 (9th Cir. 2005). In order
18 to find an abuse of discretion, the decision must be "(1) illogical, (2) implausible or (3) without
19 support in inferences that may be drawn from the facts in the record." *United States v. Hinkson,*
20 585 F.3d 1247, 1262 (9th Cir. 2009).

21 **III.    Discussion**

22 Plaintiff's complaint asserts a single claim for wrongful denial of benefits under the
23 Employee Income Security Act of 1974 ("ERISA"). Plaintiff moves for a summary judgment on
24 the complaint (ECF No. 17). Although it was not titled as such, the court construes the defendant's
25 opposition as a motion to dismiss. The defendant asks the court to dismiss the plaintiff's claim
26 with prejudice. Plaintiff had the opportunity, and responded, to defendant's motion to dismiss.
27 (ECF No. 20).

28 . . .

**James C. Mahan**
**U.S. District Judge**

      *a. Structural Conflict of Interest*

When reviewing the administrator's decision, the court must first decide if a structural conflict of interest affected the defendant's decision making process. In the Ninth Circuit, "an insurer has a conflict of interest if the insurer is serving the dual roles of administrator and funding source of the plan." *Regula v. Delta Family-Care Disability Survivorship Plan*, 266 F.3d 1130 1145 (9th Cir. 2001). If a structural conflict of interest exists, the standard of review may still be abuse of discretion, but the standard is "less deferential." *Id.* However, an "apparent conflict of interest" on its own does not warrant a less deferential standard of review; the court must first determine whether the conflict affected the decision making process in its entirety. *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 631 (9th Cir. 2009). If there is no indication that the conflict affected the decision making process, then the conflict of interest should be given little to no weight in the court's overall analysis. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968 (9th Cir. 2006).

In order for the court to find that a conflict of interest affected the decision making process, the plan beneficiary must provide evidence beyond the mere fact of the apparent conflict. *Medford*, 244 F.Supp.2d at 1127. "If the plan beneficiary produces such evidence then the burden shifts to the administrator to produce evidence that the conflict of interest did not in fact affect the decision to deny benefits." *Id.* If the administrator fails to carry its burden then the standard of review is *de novo* rather than abuse of discretion. *Id*.

The court finds there was no indication defendant's conflict of interest affected the decision making process. Defendant actively sought information from plaintiff and her treating medical physicians. Defendant also kept plaintiff informed with meaningful dialogue throughout the entire process. Additionally, defendant allowed plaintiff to submit additional evidence on a second appeal, which it was not required to do. Therefore, the court finds that there is no indication that the conflict of interest tainted the decision process in its entirety, and the court will review defendant's decision for abuse of discretion.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

  b. *Abuse of Discretion*

When evaluating a decision under an abuse of discretion standard, a court will overturn a decision only if a plan administrator rendered a decision without any explanation, construed provisions of the plan in a way that conflicts with the plain language of the plan, or relies on clearly erroneous findings of fact. *Day v. AT&T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012). Under this deferential standard of review the court may not substitute its view for the administrator. *Hinkson,* 585 F.3d at 1262.

Plaintiff argues that the act should overturn the defendant's decision because (1) it unreasonably accorded complete deference to Dr. Shih's and Dr. Hart's opinions while minimizing or mischaracterizing the plaintiff's medical records and her subjective reported symptoms, and (2) it did not maintain meaningful dialogue with plaintiff during the decision making process. (ECF No. 17). The defendant argues that it communicated with plaintiff as length about the decision, as required, through two letters, one six page letter explaining the reason for denial, and one ten page letter explaining the reason for denying the appeal. (ECF No. 20 at 14). Furthermore, defendant argues that its decision was reasonable in light of all the evidence presented.

Having reviewed the administrator's decisions and the evidence presented the court finds that the defendant's decision was not illogical, implausible, or without support from facts in the record.

Defendant reasonably weighed the evidence before making a decision about plaintiff's claim. While defendant "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician . . . courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physicians evaluation." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 834 (2003). Defendant did not arbitrarily refuse to grant credibility to the plaintiff's treating physicians, but rather determined their opinions were inconsistent with the two IMRs conducted by Dr. Shih and Dr. Hart.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1      The court finds that defendant made a reasonable decision to give more weight to the
2 opinions of Dr. Hart's opinion because Dr. Hart had more information than Dr. Dunn. Dr. Hart
3 was able to review all of Dr. Dunn's notes, all of the notes from plaintiff's pain management
4 provider, the 2007 MRI, and the 2014 MRI; whereas Dr. Dunn's diagnosis was based on one visit
5 with the plaintiff. Given that Dr. Hart had more information than Dr. Dunn, the court finds that
6 defendant did not arbitrarily refuse to credit Dr. Dunn's opinion.  In addition, the court finds that
7 defendant did not arbitrarily refuse to consider the FCE findings. Dr. Hart examined the FCE
8 findings when forming his opinion, and defendant specifically referenced the findings when
9 "concluding that that the physical exam findings in the contemporaneous medical records were
10 inconsistent with the FCE . . . opinion." (ECF No. 20 at 18).

11      Furthermore, defendant gave proper consideration to plaintiff's subjective reports of pain.
12 A patient's subjective reports shall be considered credible only if there is no reason to challenge
13 the patient's credibility. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).  The FCE concluded
14 that plaintiff might be consciously or unconsciously magnifying her symptoms because her
15 reported pain levels were considerably higher than what would be considered normal under the
16 circumstances. (ECF No. 20).  In light of this evidence, the court agrees with the defendant that it
17 was reasonable to question the credibility of the plaintiff's reports and the medical opinions that
18 were based on them.

19      Finally, the court finds that the defendant maintained a meaningful dialogue with plaintiff
20 throughout the entire process. Defendant sent plaintiff two letters, which explained in detail its
21 reasoning behind both the denial of the request and the denial of the appeal. *See Black & Decker*
22 *Disability Plan*, 538 U.S. at 834.  (stating that an agency is required to state the reason for denial
23 "in reasonably clear language"). In addition, defendant offered plaintiff a second appeal, which it
24 was not required to do, and told plaintiff which types of new information to provide. Consequently,
25 plaintiff has not demonstrated that defendant abused its discretion in denying her claim for LTD
26 benefits.
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Susanne Bryant's motion for summary judgement (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Standard Insurance Company's motion to dismiss the complaint with prejudice (ECF No. 20) is GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 16, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**